Jordan M. O'Brien (CA State Bar No. 269193)
ANGIUS & TERRY LLP
1990 N. California Blvd., Suite 950
P. O. Box 8077
Walnut Creek, CA 94596
Telephone: 925.939.9933
Facsimile: 925.939.9934

Attorneys for Secured Creditor
SEQUOYAH HEIGHTS HOA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>Tedenekilsh D. Zerhioun,<br><br>Debtor. | Chapter 13<br><br>Case No. 15-43498<br>Motion Control No. AT-01<br><br>**MOTION FOR ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (j)**<br><br>**Time:** 1:30 p.m.<br>**Date:** June 15, 2016<br>**Location:** U.S. Bankruptcy Court<br>1300 Clay Street<br>Courtroom 201<br>Oakland, CA 94612<br>**Judge:** Hon. Roger Efremsky |

**I.     Introduction**

Sequoyah Heights Homeowners' Association (the "Association") seeks an order confirming that the automatic stay has been terminated pursuant to 11 U.S.C. § 362 (j), so that it may initiate unlawful detainer proceedings against Tedenekilsh D. Zerhioun ("Debtor") in accordance with California law.

///

///

///

-1-

MOTION FOR ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY

## II. Facts

### A. The Association's Assessment Lien

The Association is a non-profit mutual benefit corporation charged with the management, governance and operation of the Sequoyah Heights development located in Alameda, California (the "Development"). Debtor owned an interest in the real property located at 21 Thousand Oaks Street, Oakland CA 94605 (the "Subject Property"). The Subject Property is one of the real property units within the Development, and by virtue of that ownership interest Debtor was obligated to pay regular monthly assessments to the Association. *(See Declaration of Jeff Boyd submitted herewith (the "Boyd Decl.") Par. 3, Exhibit A).* Debtor's assessment obligations were established in the Amended Declaration of Covenants, Conditions and Restrictions of Sequoyah Heights Homeowners' Association, recorded with the Alameda County Recorder's Office on April 8, 1997 (the "CC&Rs") as well as the Association's delinquency policy as set forth in the Sequoyah Heights Homeowners Association's Annual Budget Report dated 2016. *(Boyd Decl. Par. 4, Exhibits B and C).*

In conjunction with its duties under the CC&Rs and as a result of the delinquent assessments owed by Debtor to Secured Creditor, Secured Creditor recorded a Notice of Delinquent Assessment ("Assessment Lien") against the Property on March 21, 2014. This lien is continual and ongoing in accordance with the CC&Rs and California Civil Code §5655. *(Boyd Decl. Par. 5, Exhibit D).*

### B. Debtor's Bankruptcy Filings

Debtor has filed two other bankruptcy petitions that are relevant for the purposes of the instant motion. On December 16, 2014, Debtor filed a Chapter 13 petition (Case No. 14-44870) which was dismissed on February 12, 2015. On June 9, 2015, Debtor filed a Chapter 7 petition (Case No. 15-41842) which was discharged on September 22, 2015.

On November 13, 2015, Debtor filed this current Chapter 13 petition.

### C. The Association's Foreclosure of its Assessment Lien

On August 7, 2015, the Association's undersigned attorneys sent a letter to Debtor, advising her that since her prior Chapter 13 petition had been dismissed within 1 year prior to her

-2-

ANGIUS & TERRY LLP
P.O. Box 8077
Walnut Creek, CA 94596

filing the Chapter 7 petition, Section 362 (c)(3)(A) operated to automatically terminate the automatic stay in her Chapter 7 case 30 days after filing – i.e., the automatic stay terminated in her prior Chapter 7 case on July 9, 2015. *(Boyd Decl. Par. 6, Exhibit E)*. No response to this letter was received.

On May 15, 2015, Allied Trustee Services sent Debtor an Authorization to Foreclose. *(Boyd Decl. Par. 7, Exhibit F)* On August 19, 2015, the Subject Property was sold at public auction by Allied Trustee Services ("Allied"). *(Boyd Decl. Par. 8, Exhibit G)* On August 20, 2015, Allied sent Debtor a Notice of Right of Redemption, advising Debtor of the 90-day redemption period provided by California Civil Code § 5715. *(Boyd Decl. Par. 9, Exhibit H)*

Debtor filed the instant Chapter 13 petition on November 13, 2015, before the lapsing of the 90-day redemption period. *(Boyd Decl. Par. 10, Exhibit I)* Thus, the Association and Allied waited an additional 60 days after Debtor filed the instant petition, pursuant to 11 U.S.C. § 108 (b) and relevant case law, before recording the Trustee's Deed of Sale of the Subject Property on January 12, 2016. *(Boyd Decl. Par. 11, Exhibit J)*

Based on these facts, the Association now moves this Court for an Order confirming that its foreclosure, prior to Debtor's filing of the instant Chapter 13 petition, was valid, that its recordation of the Trustee's Deed of Sale was valid, and that the automatic stay is terminated so that the Association may proceed with evicting Debtor from the Subject Property.

III. **Argument**

11 U.S.C. § 362 (j) provides, "On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated."

11 U.S.C. § 362 (c) provides in relevant part,

> **(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> **(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

-3-

This provision was triggered in this instant Chapter 13 petition, filed on November 13, 2015 (Case No. 15-43498), as well as Debtor's prior Chapter 7 petition, filed on June 9, 2015 (Case No. 15-41842). Both of these petitions were filed within one year of the February 12, 2015 dismissal of Debtor's prior Chapter 13 petition (Case No. 14-44870). In neither case did Debtor move the court, nor obtain any extension of the automatic stay.

The Association's August 19, 2015 foreclosure of the Subject Property was valid, and did not violate the automatic stay, because the stay in the prior Chapter 7 action had automatically terminated on July 9, 2015.

Likewise, the recordation of the Trustee's Deed of Sale on January 12, 2016 was done after the stay had automatically terminated in this action on December 14, 2016. The Association's recordation of the Trustee's Deed of Sale was also done after 60-day period set forth in 11 U.S.C. § 108 (b). In fact, even more fundamentally, the recordation of the Trustee's Deed of Sale falls within the "ministerial acts" and the "perfection of interests" exceptions to the automatic stay, such that even if it was done while the automatic stay was in place, that act would not violate the stay. *See In re Richter (*2015) 525 B.R. 735, 754-55; *see also In re Rugroden* (2012) 481 B.R. 69, 78.

Secured Creditor seeks this relief pursuant to 11 U.S.C. § 362 (j) in order to initiate an unlawful detainer proceeding against Debtor in accordance with California law.

Dated: May 10, 2016  ANGIUS & TERRY LLP

By: /s/ Jordan M. O'Brien, Esq.
Jordan M. O'Brien, Esq.
Attorneys for Sequoyah Heights
Homeowners' Association